WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Blake Lynch,<br><br>    Plaintiff,<br><br>v.<br><br>Van Lines Relocation Services Incorporated, et al.,<br><br>    Defendants. | No. CV-17-02285-PHX-ESW<br><br>**REPORT AND RECOMMENDATION** |

**TO THE HONORABLE STEPHEN M. McNAMEE, UNITED STATES DISTRICT JUDGE:**

On July 12, 2017, Plaintiff filed a Complaint alleging that Defendants unlawfully failed to pay overtime wages in accordance with the Fair Labor Standards Act and A.R.S.§ § 23-351, 353, and 355. (Doc. 1). Defendants were served and failed to answer or timely respond. (Docs. 7-12). In response to the Court's Order for Plaintiff to show cause why the Complaint should not be dismissed for failure to prosecute, an Application for Entry of Default was filed on October 9, 2017, and the Clerk of Court's Entry of Default was filed on October 10, 2017. (Docs. 13-15). The Court set a Default Damages Hearing (Doc. 16), which Plaintiff moved to vacate (Doc. 17). The Court vacated the Default Damages Hearing and ordered Plaintiff to file his proposed Motion for Entering a Default Judgment with supporting affidavits no later than December 27, 2017. (Doc. 18).

On January 16, 2018, the Court issued an Order allowing Plaintiff's counsel to withdraw and granting Plaintiff additional time up to February 21, 2018 within which to file a Motion for Entering Default Judgment with supporting affidavits. (Doc. 20 at 2). The Court further advised Plaintiff that "[f]ailure to timely file the Motion for Entering Default Judgment shall result in dismissal of the case for failure to prosecute." (*Id.*). The Court presumes that Plaintiff received the Order as it was mailed to his address of record as provided by his counsel and was not returned to the Court. As of the date of this Report and Recommendation, Plaintiff has not filed the Motion for Entering Default Judgment with supporting affidavits as ordered.

Plaintiff has the general duty to prosecute this case. *See Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978) ("It is a well established rule that the duty to move a case is on the plaintiff and not on the defendant or the court."). Plaintiff's failure to file a Motion for Entering Default Judgment with supporting affidavits as ordered by the Court constitutes failure to prosecute.

Federal Rule of Civil Procedure 41(b) provides that "if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a pleading for failure to prosecute even without notice or hearing. *Link*, 370 U.S. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440

(quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to abide by the Court's Order (Doc. 20) prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. The undersigned finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In this case, the undersigned finds that a dismissal with prejudice would be unnecessarily harsh. The undersigned therefore recommends that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

For the above reasons,

**IT IS RECOMMENDED** that the Court dismiss the Complaint (Doc. 1) without prejudice for failure to prosecute.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the

1  Magistrate Judge's recommendation. *See United States v. Reyna-Tapia*, 328 F.3d 1114,
2  1121 (9th Cir. 2003); *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).
3      Dated this 1st day of March, 2018.

*/s/ E.S. Willett*
Honorable Eileen S. Willett
United States Magistrate Judge